6:19-cv-638

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **JANE CTC-GT DOE** § | | |
|    **Plaintiff** § | | |
| § | | |
| **vs.** § | | |
| § | C.A. No. _____ | |
| **CENTRAL TEXAS COLLEGE** § | | |
|    **Defendant** | | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff "**JANE CTC-GT DOE**" to file her "Plaintiff's Original Complaint" as follows:

### PREAMBLE

### *NURSING STUDENT EXPELLED BECAUSE OF ETHNICITY AND NOT BEING A U.S. CITIZEN*

*Plaintiff Jane was a student at Central Texas College seeking her lifelong dream of becoming a nurse. Plaintiff Jane is not from the United States but is married to an officer in the United States Army and is extremely proud of her having become a permanent resident of the United States. Unfortunately, as Jane proceeded with her nursing studies at Central Texas College, Jane was ultimately expelled because Jane was prohibited from proceeding with her clinical coursework with the Veteran Affairs medical facilities because Jane is not a citizen of the United States. This is a suit for damages and declaratory relief as to the discrimination suffered by Jane due to an unconstitutional policy of Central Texas College.*

## A. **NATURE OF THE SUIT**

1. Plaintiff Jane (defined hereafter) is a female born outside of the United States, is a permanent resident of the United States, married to an officer of the United State Army, and has long dreamed of becoming a nurse. Knowing Jane's ethnicity and citizenship status, Defendant CTC (defined hereafter) admitted Jane into its nursing program. However, such admission was a fraud and sham, because CTC knew that Jane would never be able to complete her clinical coursework because CTC policies required all nursing students to be citizens of the United States.

2. As Plaintiff Jane progressed with Jane's CTC coursework, Jane was ultimately required to proceed with her clinical coursework, which CTC conducted exclusively through United States Veteran's medical facilities. But, because Plaintiff Jane was only a permanent resident of the United States and not a citizen of the United States, CTC expelled Jane because Jane was prohibited from completing her clinical coursework at the Veteran's facilities.

3. Plaintiff Jane was also denied accommodations required by federal law as a result of Jane's Disabilities (defined hereafter). Plaintiff Jane has been left with no choice to file this Complaint for damages and declaratory relief.

4. Plaintiff Jane now files this original action for damages and equitable relief pursuant to:

  (a) 28 USC §§ 2201 and 2202;

  (b) Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794;

  (c) Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011); and

  (d) 42 U.S.C. § 1983 with regards to:

    Defendant's denial (under the color of law) of Plaintiff Jane's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution.

## B. PARTIES

5. Plaintiff "**JANE CTC-GT DOE**" ("Jane") is an individual residing in the State of Texas. Because of the privacy issues involved in this matter and the real and eminent threat of further retaliation by Defendant and others because of Jane's ethnicity and status as a permanent resident, Jane is hereby exercising her rights to proceed with this matter anonymously.

6. The need to protect the identity of Plaintiff Jane does not hinder the defense of this matter by Defendant, for the facts are well known to the Defendant. When applying the applicable tests (created by jurisprudence applicable to this Court)

to balance the needed protection of privacy versus any inconvenience to the Defendant, the protection of Jane's privacy prevails.

7.  At such time as the Court might agree on procedures designed (a) to protect the privacy of Plaintiff Jane including the adoption of an appropriate protective order, and (b) to protect Plaintiff Jane from further retaliation, Jane's identity shall be disclosed to Defendant,

8.  Defendant **CENTRAL TEXAS COLLEGE** ("CTC") is a public community college operating in the State of Texas that receives grants and other funding from the United States and may be served with summons by serving its Chancellor as follows:

> **CENTRAL TEXAS COLLEGE**
> c/o Jim Yeonopolus, Chancellor
> 6200 W. Central Texas Expressway
> Killeen, Texas 76549

## C.  JURISDICTION and VENUE

9.  The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

    (a)  28 USC §§ 2201 and 2202;

    (b)  Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794 ("Section 504");

  (c) Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011) ("ADA"); and

  (d) §1983 of Title 42 of U.S.C. ("Section 1983").

10. Venue is proper in the Western District of Texas (Waco) because Defendant CTC operates in, and from, Killeen, Bell County, Texas (which is within the Western District of Texas), and the underlying events took place in Killeen, Bell County, Texas, which is within the Waco Division of the Western District of Texas.

### D. FACTUAL ALLEGATIONS

*Who is Plaintiff Jane?*

11. Plaintiff Jane is a woman born outside of the United States, with English as her second language.

12. Both of Plaintiff Jane's parents were dentists, and Jane grew up with a strong passion to serve others.

13. At age 16, Plaintiff Jane moved to Arizona for the primary purpose of learning English during Jane's junior year of high school. Jane's efforts were hugely successful, as Jane graduated with honors from Jane's high school.

14. Plaintiff Jane did so well, that Jane was offered numerous scholarships to various colleges and universities.

15. While taking a break from Plaintiff Jane's college studies, in 2016 Jane began working with a non-verbal autistic teenage in New York City.

16. Jane's subsequently also worked with other young children with autism, epilepsy, and cerebral palsy.

17. Although Jane always knew she wanted to be a nurse, Jane's experience with the disabled children in New York ignited Jane's passion towards nursing in a way never previously imaged by Jane.

18. Plaintiff Jane then became engaged to a young man destined for a career in the Army as an officer. Fort Hood was the known destination, so Plaintiff Jane moved to Killeen and enrolled with Defendant CTC to obtain her degree in nursing.

### *Jane's Disabilities.*

19. Plaintiff Jane herself was diagnosed at an early age with Attention Deficit Hyperactivity Disorder ("ADHD") which is a disability recognized by both Section 504 and the ADA.

20. While attending Defendant CTC, Plaintiff Jane was also diagnosed with Dyslexia, another condition recognized as a disability under Section 504 and the ADA. For the purposes hereof, Plaintiff Jane's ADHD and Dyslexia shall be collectively referred to as "Jane's Disabilities."

21.     Notwithstanding that Section 504 and the ADA require Plaintiff Jane be granted certain accommodations to facilitate Jane's educational needs, Defendant CTC provided none.

### *CTC's Unconstitutional Citizen Only Policy.*

22.     Included in the handbook and policies and procedures of Defendant CTC's nursing program is a provision related to the citizenship of CTC's students, which states that the completion of a student's clinical placement is conditioned upon the United States citizenship of the student and the failure of a student to obtain such clinical placement due to the student's non-citizenship status will result in the forced withdrawal of the student (hereafter, "CTC's Citizen's Only Policy").

### *Defendant's Actions towards Jane.*

23.     With regards to Plaintiff Jane's Disabilities, Defendant CTC never provided Jane with any of the federally required accommodations.

24.     Further, as Plaintiff Jane progressed through Jane's nursing program with Defendant CTC, the time arrived for Jane's clinical placement. However, the only clinical placement offered to Jane was with the United States Veteran's medical facilities, which do not accept permanent residents.

25.     As a result, Plaintiff Jane was unable to proceed with Jane's clinical placement, and Defendant CTC expelled Jane ("Expulsion").

26. Plaintiff Jane was offered no appeal of the enforcement of CTC's Citizen's Only Policy or any other due process related thereto.

27. For the purposes hereof, Defendant's failure to provide Plaintiff Jane the required accommodations, the failure to provide any due process to challenge CTC's Citizen's Only Policy, and the resulting Expulsion of Jane shall be collectively referred to hereafter as the "Actions Against Jane."

### *Harm to Jane.*

28. The harm done to Plaintiff Jane as a result of Defendant CTC's Actions Against Jane have been devastating to Jane, personally, physically and professionally.

29. Plaintiff Jane has suffered severe physical injuries as well as emotional, and economic harm as a result of the CTC's Actions Against Jane and shall suffer future physical, emotional, and economic harm.

30. Further, CTC's Actions Against Jane were unconscionable, intentional, and made in bad faith with full knowledge that the damage to Plaintiff Jane would follow Jane for the rest of her life, and represent actions of deliberate indifference to Jane.

31. Defendant CTC's Expulsion of Plaintiff Jane because of CTC's Citizen Only Policy was also a violation of Jane's constitutional rights as a permanent resident.

### *Defendant's Action Under the Color of State Law.*

32. The administrators participating in Defendant CTC's Actions Against Jane are the applicable policy makers of Defendant CTC, or, were individuals assigned by such policymakers, and were implementing the policies and customs of Defendant CTC.

33. Further, if such policies are not, in fact written, each of the administrators participating in Defendant CTC's Actions Against Jane (as applicable policymakers, or, as individuals assigned by such policymakers) were implementing the policies and customs of Defendant CTC in accord with the customs and practices of Defendant CTC.

### *Administrative Remedies.*

34. There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiff Jane. Even if such Preconditions did exist, the actions of Defendant have shown that such efforts would be utterly futile.

35. As a result of Defendant CTC's Actions Against Jane, Plaintiff Jane was forced to engage an attorney and pursue this action to redress such wrongs.

36. All conditions precedent to Plaintiff Jane bringing these claims have been met.

### E.  PLAINTIFF'S CAUSE OF ACTION

37. Plaintiff Jane incorporates by reference the facts set forth in Article D: FACTUAL ALLEGATIONS hereof.

### COUNT ONE: DECLARATORY JUDGMENT

38. Plaintiff Jane was expelled from Defendant CTC because of CTC's Policy of Citizen's Only.

39. However, because Defendant's CTC's Policy of Citizen's Only illegally discriminates against permanent residents of the United States, such as Plaintiff Jane, Plaintiff Jane seeks a declaration by this Court as to the unconstitutionality of CTC's Policy of Citizen's Only, as allowed by 28 USC §§ 2201 and 2202.

40. Plaintiff Jane has been harmed as a direct and proximate result of Defendant CTC's enforcement of CTC's unconstitutional Policy of Citizen's Only.

41. As a result of the foregoing, Plaintiff Jane also hereby seeks recovery of all actual and consequential damages available to Jane in accordance with 28 USC §§ 2201 and 2202.

## **COUNT TWO: SECTION 504 VIOLATIONS**

43.     As a public college operated in the State of Texas that receives grants and other funding from the United States, Defendant CTC falls under the jurisdiction and requirements of Section 504.

44.     As mandated by Section 504, Defendant CTC is prohibited from discriminating against students having been diagnosed with various disabilities.

45.     Plaintiff Jane's Disabilities qualify as disabilities covered by Section 504, and Defendant CTC's Actions Against Jane are direct violations of Section 504.

46.     Defendant CTC's Actions Against Jane in violation of Section 504 have caused Plaintiff Jane to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 504.

47.     Defendant CTC's Actions Against Jane in violation of Section 504 have caused Plaintiff Jane to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 504.

## COUNT THREE: ADA VIOLATIONS

48. As a public college operated in the State of Texas that receives grants and other funding from the United States, Defendant CTC falls under the jurisdiction and requirements of the ADA.

49. As mandated by the ADA, Defendant CTC is prohibited from discriminating against students having been diagnosed with various disabilities.

50. Plaintiff Jane's Disabilities qualify as disabilities covered by the ADA, and Defendant CTC's Actions Against Jane are direct violations of the ADA.

51. Defendant CTC's Actions Against Jane in violation of the ADA have caused Plaintiff Jane to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with the ADA.

52. Defendant CTC's Actions Against Jane in violation of the ADA have caused Plaintiff Jane to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with the ADA.

# COUNT FOUR: SECTION 1983

53.     Section 1983 of Title 42 of the United States Code provides, in part,:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the part injured in an action at law, suit in equity, or other proper proceeding for redress…"

54.     The administrators implementing Defendant CTC's unconstitutional Citizen's Only Policy were state actors, exercising their delegated duties acting under the color of state law while committing CTC's Actions Against Jane of Plaintiff Jane and resulted in the violation of Plaintiff Jane's rights under:

   a.   the procedural due process requirements of the United States Constitution as set forth in the Fourteenth Amendment, in violation of Jane's Property Rights;

   b.   the substantive due process requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jane's Property Rights; and

   c.   the equal protection requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jane's Property Rights.

55.     Under the Fourteenth Amendment to the Constitution of the United States, Plaintiff Jane has the right, as a student attending a publicly funded college, to be free from the CTC's Actions Against Jane.

56. Because of the CTC's Actions Against Jane, Plaintiff Jane has been denied her guaranteed equal protection, procedural due process, and substantive due process rights as set forth in the Fourteenth Amendments. As a result of such violations, Defendant have violated Jane's right under 42 U.S.C. § 1983 (hereafter, "Section 1983 Violations").

57. Plaintiff Jane has suffered economic, emotional distress, and psychological damage to Jane's character, prestige, standing in Jane's community as well as a loss of benefits and opportunities as a direct and proximate result of Defendant's Section 1983 Violations as to Plaintiff Jane.

58. As a result of the foregoing, Plaintiff Jane hereby seeks recovery of all actual and consequential damages available to her in accordance with Section 1983.

## COUNT FIVE: PUNITIVE DAMAGES

59. Defendant CTC's Actions Against Jane in violation of Section 1983 were unconscionable, intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's federally protected rights, thereby entitling Plaintiff Jane to punitive damages pursuant to Section 1983, for which Plaintiff Jane now seeks.

## COUNT SIX: ATTORNEYS' FEES

60. Plaintiff Jane should be awarded her reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## COUNT SEVEN: POST JUDGMENT INTEREST

61. Plaintiff Jane also requests post judgment interest as may be allowed by applicable law.

## F. REQUEST FOR JURY

62. Plaintiff Jane hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

## G. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane prays that: summons be issued upon Defendant; upon final trial hereof, that the Court make the requested declarations, that judgment be entered in favor of Plaintiff Jane for the actual, consequential, and exemplary damages set forth herein including post judgment interest; that Plaintiff Jane be reimbursed her reasonable and necessary attorneys' fees required to bring this matter; that all costs of Court be taxed against Defendant; and that Plaintiff Jane have such further and other relief, general and special, both at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

By: _____
Terry P Gorman, Esq.
Texas Bar No. 08218200
tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 980-4556 (direct)
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF**
**JANE CTC-GT DOE**